UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TRE CLARKE and EUNIQUE EAVES,

                                Plaintiffs,

                    -against-

Police Officer PETER SEGERDAHL, Shield No. 25330; Sergeant NICHOLAS KULIECZA; and JOHN DOE 2 through 4, the names being fictitious and presently unknown, individually and in their official capacities,

                               Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 6885 (FB) (MDG)

Plaintiffs, by their attorneys, Harvis Wright & Fett LLP, allege the following, upon information and belief, as their Complaint:

## NATURE OF THE ACTION

1. This action is to recover money damages arising out of the violation of plaintiffs' rights under the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Tre Clarke is a resident of Kings County in the City and State of New York.

7. Plaintiff Eunique Eaves is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Peter Segerdahl, Shield No. 25330 ("Segerdahl"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 88th Precinct in Brooklyn, New York. He is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiffs from the illegal conduct of his fellow officers. Defendant Segerdahl is sued in his individual and official capacities.

9. Defendant Sergeant Nicholas Kuliecza ("Kuliecza"), at all times relevant herein, was an officer, employee and agent of the New York City Police Department and assigned to the 88th Precinct in Brooklyn, New York. He is liable for directly participating in the acts described herein and for failing to intervene to protect

plaintiffs from the illegal conduct of his fellow officers. Defendant Kuliecza is sued in his individual and official capacities.

10. At all times relevant, defendants John Doe 2 through 4 were police officers, detectives or supervisors employed by the New York City Police Department and assigned to the 88th Precinct in Brooklyn, New York. They are liable for directly participating in the acts described herein, for failing to intervene to protect plaintiffs from the illegal conduct of their fellow officers, or for failing to properly supervise their subordinates. Plaintiffs do not currently know the real names and shield numbers of defendants John Doe 2 through 4.

11. At all times relevant herein, defendants John Doe 2 through 4 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 2 through 4 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On May 3, 2013 at or around 9:30 p.m., plaintiffs were unlawfully detained and arrested and thereafter prosecuted on the false charge of drinking alcohol in public.

14. At that time, Mr. Clarke and Mr. Eaves were seated in a lawfully parked

automobile at the intersection of Myrtle Avenue and Ryerson Street in Brooklyn. The ignition was off.

15. Police personnel employed by the City of New York, including one or more of the individual defendants, approached the automobile and questioned plaintiffs about a claim that the officers had received a report of a gun.

16. Mr. Clarke and Mr. Eaves were wearing completely different clothing from the description provided by the 911 caller.

17. Without probable cause or reasonable suspicion to believe any crime or offense had been committed, they were ordered from the automobile.

18. The auto, with their consent, was searched, and no gun or unlawful contraband was discovered.

19. The plaintiffs were nonetheless arrested by the individual defendants, one of whom appeared to be a supervisor, and taken to the 88th Precinct Stationhouse.

20. At the Stationhouse, the individual defendants prepared or allowed to be prepared false police reports accusing the plaintiffs of drinking rum.

21. At no point did the individual defendants observe plaintiffs with alcoholic beverages.

22. Approximately six or seven hours later, plaintiffs were taken to Brooklyn Central Booking to await arraignment.

23. While Mr. Clarke and Mr. Eaves were awaiting arraignment, defendant Segerdahl made and the other individual defendant allowed him to make false statements to the Kings County District Attorney's Office.

24. The misrepresentations caused plaintiffs to be prosecuted on the false charge of consumption of alcohol in public, an offense punishable by up to five days in jail.

25. After approximately twenty-four hours in custody, plaintiffs were arraigned on the false charges, released and required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charges.

26. At the next Court appearance, the cases were dismissed and sealed on the motion of the Kings County District Attorney.

27. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, arrest, and prosecution of Mr. Clarke and Mr. Eaves.

28. The individual defendants' acts and omissions caused the plaintiffs to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of their constitutional rights, among other injuries. Plaintiffs suffered the

indignities and debasement of the arrest-to-arraignment process and the anxiety caused by the false testimony and evidence.

29. The individual defendants, at all times relevant, and in stopping, arresting, and imprisoning the plaintiffs, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights and physical and mental well-being.

### FIRST CLAIM
### Unlawful Stop and Search (All defendants)

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages herein before alleged.

### SECOND CLAIM
### False Arrest (All defendants)

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

### THIRD CLAIM
**Malicious Prosecution (All defendants)**

36. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrests, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial (All defendants)

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene (All defendants)

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, plaintiffs sustained damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: May 15, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiffs*